

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:21-0525-MGL-1 |
| § | |
| JEFFREY ALAN BENJAMIN, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
DENYING GOVERNMENT'S RENEWED MOTION TO DISQUALIFY COUNSEL**

## I. INTRODUCTION

Pending before the Court is the government's renewed motion to disqualify counsel in this matter. The government asks the Court to disqualify defense counsel William M. Sullivan, Jr. (Sullivan) and his firm, Pillsbury Winthrop Shaw Pittman LLP (Pillsbury), because of their prior representation of one of the government's witnesses, Daniel Roderick (Roderick). Having carefully considered the motion, the response, the reply, the surreply, the oral argument, the record, and the applicable law, it is the judgment of the Court the government's motion will be denied.

## II. FACTUAL AND PROCEDURAL HISTORY

This criminal matter arises out of Jeffrey Alan Benjamin's (Benjamin) alleged involvement in the V.C. Summer site nuclear project while he was the Senior Vice President for New Plants and Major Projects at Westinghouse Electric Company (WEC). The government alleges that, between 2015 and 2017, to maintain the financial benefit provided by tax incentives, Benjamin

and others hid and misled as to the true status of the project, which had fallen behind schedule. Roderick was WEC's Chief Executive Officer (CEO) until February 2016.

In 2017, Benjamin and Roderick retained Pillsbury, and specifically Sullivan, to provide joint representation related to the V.C. Summer site nuclear project. During the grand jury investigation, Sullivan informed the government of this joint representation. The government told Sullivan it believed Pillsbury's joint representation during this potential prosecution could present a concurrent conflict of interest in violation of the South Carolina Rules of Professional Conduct (RPCs). The government eventually filed an ex parte motion to disqualify, arguing Roderick's and Benjamin's interests were adverse to each other. As a result, Roderick obtained other counsel, and the government withdrew its motion. It noted, however, that Pillsbury's continued representation of Benjamin could present a former-client conflict of interest under the RPCs.

Roderick, represented by his new counsel, was interviewed by the government. The parties disagree about the extent to which his statements to the government inculpated Benjamin. The government intends to call Roderick as a material witness at Benjamin's trial.

On August 18, 2021, a grand jury indicted Benjamin of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 (Count 1); wire fraud in violation of 18 U.S.C. §§ 1343, 2 (Counts 2–14); securities fraud in violation of 18 U.S.C. §§ 1348(1), 2 (Count 15); and causing the failure to keep accurate corporate records in violation of 15 U.S.C. § 78m(b)(2)(A) and 18 U.S.C. § 2 (Count 16).

The government informed Sullivan on October 14, 2021, of its intent to renew its motion to disqualify. In response, Pillsbury obtained waivers from Benjamin and Roderick.

Roderick's waiver states he understands the duty of loyalty Pillsbury owed to him as a former client. It provides that he nevertheless consents to Pillsbury's use of any confidential

information obtained during the course of his representation, including its use for cross-examination. He also waives any objection to Pillsbury's continued representation of Benjamin. Notably, Roderick avouches in the waiver that he believes his interests are not adverse to Benjamin's.

Benjamin's waiver similarly states he understands Pillsbury's continuing ethical duties to Roderick. It explains, however, given Roderick's waiver, he has determined his continuation of representation by Pillsbury is in his best interests, and thus he waives any remaining conflict arising from Sullivan's prior representation of Roderick. Benjamin also executed and signed a declaration reiterating his wish to have Pillsbury continue to represent him.

The government filed this motion seeking disqualification of Sullivan and Pillsbury. Benjamin responded; the government replied; and Benjamin filed a surreply responding to the government's arguments based on new law. The Court subsequently held a hearing on April 27, 2022. After hearing argument from the government and Sullivan, the Court took the matter under advisement. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.    LEGAL STANDARD

The Sixth Amendment establishes the right to counsel in all criminal prosecutions. *Wheat v. United States*, 486 U.S. 153, 158 (1988). It does not, however, guarantee the right to chosen counsel. *Id.* at 159. Courts may disqualify chosen counsel in certain cases where a conflict of interest exists. *See Hoffman v. Leeke*, 903 F.2d 280, 285 (4th Cir. 1990) ("[T]he Sixth Amendment right to counsel includes the right to effective assistance free of conflicts of interest."); *see also Strickland v. Washington*, 466 U.S. 668, 689, 692 (1984) ("[C]ounsel owes the client a duty of

loyalty, a duty to avoid conflicts of interest," which is "perhaps the most basic of counsel's duties.").

Nevertheless, on a motion to disqualify counsel, this Court "must recognize a presumption in favor of [the defendant's] counsel of choice." *Wheat*, 486 U.S. at 164; *see also United States v. Gonzalez-Lopez*, 548 U.S. 140, 144, 147–48 (2006) (explaining the "root meaning" of Sixth Amendment right to counsel generally includes "the right of a defendant who does not require appointed counsel to choose who will represent him"). To overcome the presumption, the government must demonstrate an "actual conflict" or "a serious potential for conflict." *Wheat*, 486 U.S. at 164.

To protect this right, district courts "must be allowed substantial latitude in refusing waivers of conflicts of interest not only in those rare cases where an actual conflict may be demonstrated before trial, but in the more common cases where a potential for conflict exists which may or may not burgeon into an actual conflict." *Id.* at 163. The "district court is free to disqualify counsel even if the defendant is willing to waive conflict of interest because of the judiciary's 'independent interest in ensuring that criminal trials are conducted within the ethical standards of the profession and that legal proceedings appear fair to all who observe them.'" *United States v. Basham*, 561 F.3d 302, 323 (4th Cir. 2009) (quoting *Wheat*, 486 U.S. at 160).

Courts may look to the relevant rules of ethics to help decide whether an actual conflict or of a serious potential for an actual conflict exists. *See generally Strickland*, 466 U.S. at 688 (considering American Bar Association standards to help determine what attorney conduct was reasonable for an ineffective assistance of counsel claim). But, these ethical rules are "only guides" in the context of the constitutional right to counsel. *Id*. Thus, compliance with an ethical

4

rule will not always satisfy the Sixth Amendment. *Id.* The Court must determine whether retention of counsel will provide defendant a fair trial. *Wheat*, 486 U.S. at 159.

## IV.   DISCUSSION AND ANALYSIS

### A.   *Whether Roderick's and Benjamin's waivers are voluntary, knowing, and intelligent*

A waiver may often cure a conflict of interest when it "is knowing, intelligent, and voluntary." *United States v. Akinseye*, 802 F.2d 740, 744–45 (4th Cir. 1986). Neither party seems to dispute Roderick and Benjamin's waivers are voluntary, knowing, and as intelligent as possible under the circumstances.

Roderick and Benjamin are both sophisticated, informed parties. Both were advised by non-conflicted counsel—confidentially from Sullivan and Pillsbury—about the risks and benefits of signing a waiver.

Roderick executed his waiver after he was no longer represented by Sullivan and Pillsbury and had given his interviews to the government. His waiver makes clear he has determined his interests will remain unharmed by allowing Sullivan or other Pillsbury attorneys to cross-examine him based on confidential information they obtained during the course of their representation of Roderick. Likewise, Benjamin has made plain his wish to continue representation by Sullivan and Pillsbury outweighs the risk of any conflict created by their prior representation of Roderick.

The Court has reviewed the waivers, and determines them to be thorough, knowing, intelligent, and voluntary. As the Court noted at the hearing, if the conflict in this case is waivable, it has been waived. The Court thus turns to whether Sullivan and Pillsbury's prior representation of Roderick creates a nonwaivable conflict requiring disqualification.

### B.     *Whether the conflict is waivable*

The government maintains Roderick's and Benjamin's waivers are of no import because the conflict is nonwaivable.  Benjamin insists the conflict is waivable because Sullivan and Pillsbury's prior representation of Roderick will create no disadvantage for Benjamin at trial.

#### 1.     *South Carolina conflict of interest rules*

The Court first looks to the RPCs as a guide.  RPC 1.9 prohibits "represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."  RPC 1.9(a).  It also bars "use [of] information relating to the representation to the disadvantage of the former client" and "reveal[ing] information relating to the representation except," RPC 1.9(c), as applicable here, a lawyer may reveal confidential information if the former "client gives informed consent."  RPC 1.6(a).

Because the RPCs contemplate waiver of a former-client conflict of interest, they support a determination this conflict is waivable.  By itself, however, the Court gives this little weight, in light of its heightened obligations to ensure effective, conflict-free counsel under the Sixth Amendment.  Nevertheless, as explained below, the Court ultimately concludes the allowance of waiver under the RPCs is consistent with the result dictated by constitutional fairness in this case.

#### 2.     *Effective cross-examination*

The government maintains Sullivan's and Pillsbury's ability to effectively cross-examine Roderick will be limited by their prior representation of him.  On the other hand, Benjamin insists Roderick's waiver cures any danger.  The Court must consider the threat Sullivan's "former representation necessarily pos[es] to his ability to conduct effective and fair cross-examination of the potential witness."  *United States v. Williams*, 81 F.3d 1321, 1325 (4th Cir. 1996).

First, the parties disagree about whether Roderick's testimony will tend to inculpate or exculpate Benjamin. The government also insinuates improper conduct by Sullivan, claiming he is overly involved in Roderick's new counsel's attempts to clarify the statements Roderick made to the government. Based on the evidence provided by the parties, however, the Court declines to impute any impropriety to Sullivan and rejects this assertion.

Even if the expected content of Roderick's testimony appeared clear, the Court acknowledges a witness's testimony is never certain. *See Wheat*, 486 U.S. at 162–63 ("It is a rare attorney who will be fortunate enough to learn the entire truth from his own client, much less be fully apprised before trial of what each of the Government's witnesses will say on the stand."). For the purposes of its analysis, the Court assumes Roderick's testimony at trial will be adverse to Benjamin. That circumstance creates the most risk for a conflict because it will necessitate rigorous cross-examination of Roderick by Benjamin's defense counsel.

In *Williams*, the Fourth Circuit upheld the trial court's disqualification of defense counsel because of his prior representation of one of the government's witnesses, the wife of the defendant. 81 F.3d at 1325. Defense counsel offered to have auxiliary counsel—who would not be told confidential information defense counsel had obtained during his representation of the wife—conduct cross-examination. *Id*. The Fourth Circuit determined the district court had not abused its discretion by declining to allow such auxiliary counsel. *Id*. They posited, however, that allowing auxiliary counsel may have been within the district court's discretion. *Id.*

The government expresses concern that Sullivan will "avoid certain lines of inquiry . . . to avoid any appearance of impropriety." Motion at 21. Yet, Roderick's waiver mitigates that danger. Unlike in *Williams*, both the witness-former client and the defendant-current client in this case have waived any conflicts, alleviating constraints on cross-examination. Sullivan may

7

zealously cross-examine and defend Benjamin without abandoning any duty of loyalty, because that duty of loyalty no longer constrains him.

### 3. Federal Rule of Criminal Procedure 26.2

The government also worries the Court will have to determine whether Sullivan can provide Roderick's prior statements under Federal Rule of Criminal Procedure 26.2. As Benjamin points out, that rule provides that "[a]fter a witness . . . has testified on direct examination, the court, on motion of a party who did not call the witness, must order an attorney . . . to produce . . . any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." Fed. R. Crim. P. 26.2(a).

Rule 26.2 only requires the production of statements by the party calling the witness. Because Roderick would be a government witness, the rule thus creates no requirement that Benjamin produce any of Roderick's statements. Accordingly, this argument is thus unavailing.

### 4. Lawyer as witness

The government also posits Pillsbury's use of confidential information for cross-examination might create a situation in which Sullivan will be required to provide testimony, creating a new conflict issue under the RPCs. Benjamin maintains there is no reason to think Sullivan will be a necessary witness as required for disqualification.

RPC 3.7 bars a lawyer from representing a client "at a trial in which the lawyer is likely to be a necessary witness unless: . . . (3) disqualification of the lawyer would work substantial hardship on the client." The comments to the RPCs recognize "a balancing is required between the interests of the client and those of the tribunal and the opposing party." RPC 3.7 cmt. 4.

Although there is a remote possibility that impeachment of Roderick will require use of Sullivan's personal knowledge or recollections, this Court holds it unlikely Sullivan will be a

8

necessary witness to the trial.  And, even if Sullivan were a necessary witness, this would place Benjamin at no disadvantage.

The Court is cognizant of the possibility of jury confusion in the case of a lawyer-as-witness.  *See United States v. Johnson*, 690 F.2d 638, 643 (7th Cir. 1982) (explaining an advocate-witness may be unobjective, the jury may give the testimony undue weight, the jury might confuse the lawyer's testimony and advocacy, and allowing the testimony may create the appearance of unfairness).  But, given the limited scope of any circumstance in which Sullivan would act as a witness, it would not undermine the appearance of fairness in this case.  *See State v. Sanders*, 534 S.E.2d 696, 698 (2000) (reversing conviction because defense counsel, the sister of the defendant, was improperly removed as counsel because she had to take the stand to refute evidence she had pressured witnesses).  And, any issues that may arise can be alleviated by measures short of disqualification, such as having another attorney conduct cross-examination.

### 5.     *Impact of this Court's decision in* Hemphill

Finally, the government cites this court's recent decision in *United States v. Hemphill* as requiring disqualification here.  Tr. of Proceedings as to Darryl Hemphill, Case No. 18-cr-557, ECF No. 1521 (D.S.C. Jan. 19, 2022).  Benjamin argues *Hemphill* is inapposite.

*Hemphill* involved concurrent representation by defense counsel of Defendant Darryl Hemphill (Hemphill) and a government witness, Daniel Brock (Brock), who defense counsel also represented in a state criminal matter.  *Id.* at 3.  This is different from this case, in which Pillsbury no longer represents Roderick.

More importantly, the Court there questioned the validity of the waivers themselves.  Both Hemphill and Brock testified their most pressing concern was financial—whether they could afford a new attorney and whether they would lose the money already spent on their current

9

attorney in the event of disqualification—rather than their rights in the proceedings. *Id*. at 18, 24. Here, by contrast, and as explained above, Roderick and Benjamin are both sophisticated individuals who have been fully advised as to their rights. As such, the Court's decision in *Hemphill* is uninstructive and fails to mandate disqualification in this case.

*****

Sullivan and Pillsbury have represented Benjamin for almost five years. The record shows they have significant experience with matters involving nuclear facility construction. The Court has considered the totality of the circumstances and concludes any potential conflict fails to override the presumption in favor of counsel of choice. *See Wheat*, 486 U.S. at 164.

Benjamin is entitled to conflict-free counsel. And, that is what he will get from Pillsbury and Sullivan in this case. Although waivers from both the current and former clients may not always suffice to alleviate a potential conflict, the Court holds they do in this case. The Court detects no threat to the "fairness and integrity of the adversarial process." *Williams*, 81 F.3d at 1324.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court the government's renewed motion to disqualify counsel is **DENIED**.

**IT IS SO ORDERED.**

Signed this 9th day of May 2022, in Columbia, South Carolina.

s/ Mary Geiger Lewis  
MARY GEIGER LEWIS  
UNITED STATES DISTRICT JUDGE