IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JEFFREY ALAN BENJAMIN,<br>*Defendant*. | Case No. 3:21-CR-525-MGL<br><br>**MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS AND TO COMPEL DISCOVERY OF DOCUMENTS RELATED TO THE FBI'S INTERVIEWS OF DANIEL RODERICK** |

Defendant Jeffrey Alan Benjamin, through undersigned counsel, respectfully requests leave to file supplemental briefing in support of his Motion for Disclosure of Grand Jury Materials and to Compel Discovery of Documents Related to the FBI's Interviews of Daniel Roderick (Dkt. 75) ("Discovery Motion") in advance of the motion hearing scheduled for November 29, 2022.

1. Mr. Benjamin filed his Discovery Motion on June 28, 2022, requesting that the Court order disclosure of the Grand Jury transcript in this matter and the production of notes, correspondence, draft interview summaries, and other documents related to the FBI interviews of Daniel Roderick. This matter has since been fully briefed, with the government filing its response in opposition on August 10, 2022 (Dkt. 83) and Mr. Benjamin filing a reply on August 31, 2022 (Dkt. 88).

2. Several weeks after Mr. Benjamin filed his Discovery Motion, the Southern District of Indiana dismissed with prejudice two indictments in *United States v. Meek, et al.*, 1:19-cr-378-JMS-MJD (S.D. Ind. 2022). Two earlier rulings by the *Meek* court paved the way for the ultimate dismissal of these indictments and relate directly to the issues raised in Mr. Benjamin's pending Discovery Motion. Specifically, the *Meek* court ordered the government to

produce notes of an interviewing FBI agent and other documents related to the 302 summary of a defendant's proffer interview, which ultimately revealed that the 302 contained material inaccuracies and misrepresentations of the defendant's statements. Having uncovered material inaccuracies and "spin" in one key witness 302, the district court ordered discovery into the accuracy of the other witness 302s that had been authored by the same FBI agent.

3.     The analysis conducted by the *Meek* court in assessing the need for discovery of materials related to the defendant's 302 memorandum is highly relevant to Mr. Benjamin's Discovery Motion, as this Court now faces identical issues under similar factual circumstances. Indeed, since filing the Discovery Motion, Mr. Benjamin's counsel has discovered evidence of similar "spin" and inaccuracies in other witness 302s, which may necessitate additional discovery because the evidence appears to demonstrate that, as in *Meek*, the government has failed to keep accurate notes of its witness interviews or has otherwise crafted its 302s to portray the government's own views and inferences as objectively recorded witness statements. To be clear, such a flaw in the government's investigative practice would go beyond mere impeachment evidence; it reaches Constitutional dimensions. Defense counsel has uncovered evidence in the discovery produced to date by the government that bears directly on the conduct of the government's investigation writ large and the veracity of the allegations against Mr. Benjamin. Although the Discovery Motion now before the Court concerns issues related to Mr. Roderick's interviews, documentary evidence uncovered by the defense from the government's production indicates that the issue is not confined solely to Mr. Roderick's interviews and 302s.

4.     Therefore, supplemental briefing on the *Meek* court's decisions related to these issues would aid the Court in analyzing the issues raised in Mr. Benjamin's Discovery Motion,

as the *Meek* court similarly grappled with evidence that suggested the government's 302s did not accurately reflect the statements of key witnesses.

5. With more than one month remaining until the hearing on the Discovery Motion, Mr. Benjamin and the government can submit targeted briefing on the *Meek* court's orders with ample time for the Court to consider this briefing in advance of the November 29, 2022, motion hearing.

6. On October 20, 2022, counsel for Mr. Benjamin conferred with counsel for government, who indicated that the government does not oppose this request, provided that the government is given an opportunity to respond to Mr. Benjamin's supplemental brief.

7. Should the Court grant Mr. Benjamin leave to file a supplemental brief, Mr. Benjamin does not object to the government filing a supplemental brief in response.

Therefore, Mr. Benjamin respectfully requests that the Court grant him leave to file a supplemental memorandum of law in support of his Discovery Motion, which Mr. Benjamin would file on the date such an order is issued.

Dated: October 21, 2022

Respectfully submitted,

*/s/Andrew B. Moorman, Sr.*

MOORMAN LAW FIRM, LLC
416 East North Street 2nd Floor
Greenville, South Carolina 29601
864-775-5800
andy@andymoormanlaw.com
Federal ID # 10013

4

        William M. Sullivan, Jr.
        Thomas C. Hill
        Patrick Hovakimian
        PILLSBURY WINTHROP SHAW PITTMAN LLP
        1200 Seventeenth Street, NW
        Washington, DC 20036
        Phone: 202-663-8027
        wsullivan@pillsburylaw.com
        thomas.hill@pillsburylaw.com
        patrick.hovakimian@pillsburylaw.com
        *Admitted Pro Hac Vice*

        *Counsel for Defendant Jeffrey Benjamin*