IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> JEFFREY ALAN BENJAMIN ) <br> ) <br> Defendant. ) <br> ) | Case No. 3:21-cr-00525-MGL |

**GOVERNMENT'S SURREPLY IN OPPOSITION TO DEFENDANT'S MOTION FOR DISCLOSURE OF GRAND JURY MATERIALS AND TO COMPEL DISCOVERY**

The United States of America, by and through its undersigned Assistant United States Attorneys, respectfully submits this Surreply in Opposition to Defendant's Motion for Disclosure of Grand Jury Materials and to Compel Discovery of Documents Related to the FBI's Interviews of Daniel Roderick ("Mr. Roderick"). In his "Supplemental Memorandum," ECF No. 94, Defendant now claims to have discovered additional support for his extraordinary discovery demands. Put simply, these isolated out-of-circuit citations are neither new nor helpful to Defendant. And they cannot overcome the existing Fourth Circuit authority outlined in the United States' prior briefs, which prohibits Defendant's requested relief. His motion should be denied.

Defendant's new arguments in favor of extraordinary discovery are premised on the same speculative claims about the United States' investigation that have animated his prior briefs. As the United States has already pointed out, if the Court is so inclined, it can readily ascertain the integrity of the investigation through a simple and efficient *in camera* review of the relevant documents. Yet in his most recent filing Defendant has disregarded this approach, instead

doubling down on unsupported allegations of misconduct, in furtherance of relief the Fourth Circuit does not allow. Defendant's latest submission fails to improve an already flawed argument.

The United States has already set forth, in its previous filings, the extraordinary nature of the demands that Defendant makes here—as well as the Fourth Circuit caselaw barring the relief that Defendant requests. *See, e.g.*, ECF No. 83 at 9 (quoting *United States v. Hinton*, 719 F.2d 711 (4th Cir. 1983) and *United States v. Borda*, No. 96-4752, 1999 WL 194540 (4th Cir. May 11, 1999)). Nothing in the Southern District of Indiana's *Meek* opinions overcomes the Fourth Circuit precedent that applies here, and on this point, the United States respectfully refers the Court to its previous submissions. Moreover, the circumstances of *Meek* are clearly distinguishable from the situation that this Court confronts here.

First, the *Meek* court encountered a defendant claiming that his *own* statements were misrepresented in a 302 prepared after his interview. Indeed, in *Meek*, the defendant identified thirteen separate categories of information he contended had "not [been] accurately recorded" from his interview. *See* Peavler Mot. Compel, ECF No. 114 at 13, Case No. 19-cr-378 (S.D. Ind. Dec. 1, 2020). Further, the *Meek* defendant suggested that government counsel's own characterizations of the interview conflicted with the 302. *See Id.*, Ex. 7, ECF No. 113-8, at 3-4. In short, the parties' dispute in *Meek* is distinguished from the dispute here because, in *Meek*, the defendant and his counsel *were present* for the challenged interview. Their disputes were based on their own personal knowledge, involved a relatively large number of alleged discrepancies, and – in their view – were bolstered by government statements, as well.

Here, Defendant and his counsel were not present for Mr. Roderick's interview. Though the 302 spans many pages and covers a wide variety of subjects, Defendant does not challenge a host of statements, but merely takes issue with a single representation. Further, Defendant's claim

as to the veracity of this representation is not premised on any new claims from Mr. Roderick, but are instead based entirely on an email from Mr. Roderick's counsel, whose account does not support Defendant's sweeping and frivolous allegations. These facts are a far cry from the circumstances that motivated the court to action in *Meek*. And even if the law allowed such action here, the facts would not justify the sweeping discovery Defendant demands of grand jury transcripts, agent notes, and much more.

Second, unlike in *Meek*, here the United States has already responded to Defendant's query and proposed a means by which the Court can both: (i) apply the governing law of the Fourth Circuit, and (ii) address the substance of Defendant's concerns. Unlike in *Meek*—in which the government responded to a defendant's discovery motion with assurances that it would review agent notes at some point in the future—here the United States has already reviewed the materials that Defendant challenges. Still unsatisfied, Defendant continues to accuse the United States of various types of misconduct, and so—again, in contrast to the circumstances of *Meek*—here the United States has further proposed to make these materials available to the Court for *in camera* review. Such a review can be conducted simply and efficiently, and it will permit the Court to satisfy itself as to the adequacy of the United States' review and response.

Defendant's preemptive declaration that he "is not engaging in a fishing expedition," ECF No. 75 at 15, belies the reality of this attempt to obtain a breathtakingly broad swath of materials to which he is not entitled. As for the specific issue that Defendant raises here, *in camera* review will put the matter to rest, and it will do so with fairness to both parties. Defendant's speculative accusations—like his vague assertions of impropriety—do not override governing Fourth Circuit law, nor do they entitle him to wholesale production of the materials he demands. His motion should be denied.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY


By:     /s/Brook B. Andrews
        BROOK B. ANDREWS (#10231)
        WINSTON D. HOLLIDAY, JR. (#7597)
        EMILY E. LIMEHOUSE (#12300)
        Assistant United States Attorneys
        1441 Main Street, Suite 500
        Columbia, SC 29201
        Telephone (843) 929-3000
        Brook.Andrews@usdoj.gov
        *Attorneys for the United States of America*

November 14, 2022