IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) CRIMINAL NO. 3:21CR525 |
| v. | ) |
| | ) **DEFENDANT'S REPLY IN** |
| JEFFREY ALAN BENJAMIN | ) **SUPPORT OF MOTION FOR** |
| | ) **RECONSIDERATION OF ORDER** |
| Defendant. | ) **DENYING MOTION TO COMPEL** |
| | ) **DISCOVERY OF DOCUMENTS** |
| | ) **RELATED TO THE FBI'S** |
| | ) **INTERVIEW OF DANIEL** |
| | ) **RODERICK** |
| | ) |

Defendant Jeffrey Alan Benjamin submits this reply in support of his Motion for Reconsideration (Dkt. 139, "Reconsideration Motion"). The government's opposition brief (Dkt. 148, "Opposition") misconstrues the dispute as being about what happened when the FBI interviewed Daniel Roderick. *See id.* at 1-2. Instead, the only relevant question is simply whether the FBI's notes support what is stated in the final FBI 302; if the agent's notes do not support his 302, either explicitly or implicitly by omission, then the notes are now discoverable as *Brady*.

The Court need not make any findings about what Mr. Roderick said in his FBI interview. *See United States v. Brown*, 303 F.3d 582, 591 (5th Cir. 2002) (holding that FBI notes can be withheld from discovery only where the FBI 302 "accurately reflects the contents of the interviewer's rough notes"). The Opposition does not dispute that, if the notes diverge from the FBI 302, then the notes are discoverable. In fact, in three places, the FBI 302 states that Mr. Roderick was "lied to" by Mr. Benjamin. *See* Dkt. 49-2 at 5, 9. In contrast, the notes do not reflect that Mr. Roderick stated he believed he was "lied to" by Mr. Benjamin. Indeed, at the hearing, the Court stated: "But I'm telling you, in the grand jury testimony and the notes, I did

1

not see anything that related one way or another to that [representations that Mr. Roderick believed Mr. Benjamin had deceived him]." Dkt. 139-1 (Exh. A at 5:1-3); *see also id.* (Exh. A at 4:17-18).

Although the government invites the Court to again examine a single page of the notes to find support for the "lied to" language contained in the FBI 302, the government refuses to quote the notes—let alone disclose them to the defense—despite the government's position that they align with the FBI 302. *See* Opposition at 2. If the notes are, indeed, consistent with the FBI 302, then there would be no harm in producing them to the defense. By contrast, if the notes do not support the FBI 302, then there is a serious harm in withholding them from the defense—violation of Mr. Benjamin's due process right to discover exculpatory evidence and his Rule 16 right to discover evidence material to his defense. *See* Reconsideration Motion at 4. The government does not deny—nor could it—that violation of *Brady* or Rule 16 would be a serious error warranting reconsideration.

For all these reasons, and those in the Reconsideration Motion, the defense asks the Court to grant reconsideration of its Order (Dkt. 127) and order production to the defense, under *Brady* and Rule 16, of any notes taken by attendees at the FBI's interviews of Mr. Roderick.

                          Respectfully submitted,

                          <u>/s/Andrew B. Moorman, Sr.</u>
                          MOORMAN LAW FIRM, LLC
                          416 East North Street 2nd Floor
                          Greenville, South Carolina 29601
                          864-775-5800
                          andy@andymoormanlaw.com
                          Federal ID # 10013

                          William M. Sullivan, Jr.
                          Thomas C. Hill
                          Patrick Hovakimian
                          PILLSBURY WINTHROP SHAW PITTMAN LLP

3

1200 Seventeenth Street, NW
Washington, DC 20036
Phone: 202-663-8027
wsullivan@pillsburylaw.com
thomas.hill@pillsburylaw.com
patrick.hovakimian@pillsburylaw.com
*Admitted Pro Hac Vice*

*Counsel for Defendant Jeffrey Benjamin*

3