

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| vs. | § CRIMINAL ACTION NO.: 3:21-525-MGL-1 |
| | § |
| JEFFREY ALAN BENJAMIN, | § |
| Defendant. | § |

**MEMORANDUM OPINION AND ORDER
DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

**I.     INTRODUCTION**

Pending before the Court is Defendant Jeffrey Alan Benjamin's (Benjamin) motion for reconsideration of the Court's order denying his motion to compel discovery related to the Federal Bureau of Investigations' (FBI) interview of Daniel Roderick (Roderick).  Having carefully considered the motion, the response, the reply, the *in camera* submission, the record, and the applicable law, it is the judgment of the Court the motion for reconsideration will be denied.

**II.     FACTUAL AND PROCEDURAL HISTORY**

This criminal matter arises out of Benjamin's (Benjamin) alleged involvement in the V.C. Summer site nuclear project while he was the Senior Vice President for New Plants and Major Projects at Westinghouse Electric Company (WEC).  The government alleges that, between 2015 and 2017, to maintain the financial benefit provided by tax incentives, Benjamin and others hid and misled as to the true status of the project, which had fallen behind schedule.

A grand jury indicted Benjamin of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 (Count 1); wire fraud in violation of 18 U.S.C. §§ 1343, 2 (Counts 2–14); securities fraud in violation of 18 U.S.C. §§ 1348(1), 2 (Count 15); and causing the failure to keep accurate corporate records in violation of 15 U.S.C. § 78m(b)(2)(A) and 18 U.S.C. § 2 (Count 16).  FBI Agent Aaron Hawkins (Hawkins) was the sole witness to testify before the grand jury.

Hawkins twice interviewed Roderick, who was WEC's Chief Executive Officer (CEO) until February 2016, regarding his knowledge of this case (302 interviews), in June and July 2021.  Hawkins distilled his notes (Hawkins's notes) from those meetings into FBI Form 302s (the 302s).

On September 22, 2021, Hawkins reviewed the 302s with Roderick and his attorney.  Neither raised concerns as to their accuracy at that time based on the discussion.  In January 2022, however, Roderick's attorney contacted the United States Attorney's Office (USAO) to contend that certain portions of the 302s inaccurately described Roderick's recollection and belief.  Roderick's counsel insists Hawkins failed to go over the challenged portion of the 302s during the review on September 22, 2021.

Specifically, Roderick disputed a statement in the 302s that "Roderick believes that around the time of [a cease and desist letter], Benjamin . . . had lied to him about what was being done with the schedule[,]" claiming that any statement Roderick made regarding Benjamin lying to him was based off a hypothetical.  Email to the USAO at 3.  Roderick avouches he had no intention of asserting Benjamin had, in fact, lied to him.

The Court previously denied Benjamin's motion to compel disclosure of Hawkins's notes.  Benjamin filed this motion for reconsideration.  The government subsequently responded, directing the Court to a single page of Hawkins's notes, which it resubmitted *in camera*.

Thereafter, Benjamin replied. The Court, having been fully briefed on the relevant issues, will now adjudicate the motion.

### III.     STANDARD OF REVIEW

The Court may entertain a motion for reconsideration of an interlocutory order before the entry of judgment in a criminal case. *United States v. Breit*, 754 F.2d 526, 530 (4th Cir. 1985). As the Federal Rules of Criminal Procedure lack any guidance on motions for reconsideration, the Court will look to the rules governing civil cases as a substantive guidepost.

The Fourth Circuit has set forth three grounds for granting a motion for reconsideration under Federal Rule of Civil Procedure 54(b), which is the lens through which the Court considers motions to alter interlocutory orders in civil matters: "(1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco Cooperative Inc. v. Big South Wholesale of Virginia, LLC*, 899 F.3d 236, 257 (4th Cir. 2018) (internal quotation marks omitted) (explaining this standard "closely resembles" the standard under Rule 59(e), which applies after the entry of judgment); *see also United States v. Dupree*, 617 F.3d 724, 732–33 (3rd Cir. 2010) (applying this standard in a criminal case).

### IV.     DISCUSSION AND ANALYSIS

Benjamin insists the Court erred in denying the motion to compel. He argues that an absence of notes regarding whether Benjamin lied to Roderick contradicts the 302s and thus the notes constitute exculpatory evidence the government is obligated to disclose under *Brady v. Maryland*, 373 U.S. 83 (1963), and Federal Rule of Criminal Procedure 16. Thus, the Court interprets him to say that his motion should be granted to correct "clear error causing manifest

3

injustice[,]"" *Big South Wholesale of Virginia, LLC*, 899 F.3d at 257. The government posits the notes are not silent on the issue of whether Benjamin lied to Roderick, and thus are consistent with the 302s and it is uncompelled to disclose them.

"*Brady* requires the disclosure by the government of evidence that is both favorable to the accused and material to guilt or punishment." *United States v. Caldwell*, 7 F.4th 191, 207 (4th Cir. 2021) (internal quotation marks omitted) (internal alterations omitted); *see also United States v. Giglio*, 405 U.S. 150, 153–54 (reasoning *Brady* extends to include material impeachment evidence).

"[S]trictly speaking, there is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." *Strickler v. Greene*, 527 U.S. 263, 281 (1999). "No due process violation occurs as long as *Brady* material is disclosed to a defendant in time for its effective use at trial." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985).

Similarly, under Federal Rule of Criminal Procedure 16, the government must disclose discovery "within [its] possession, custody, or control" that are "material to preparing the defense." Fed. R. Crim. P. 16(a)(1)(E)(i). Rule 16, which "provides the minimum amount of pretrial discovery [guaranteed] in criminal cases" requires broader disclosure than *Brady*, "which rests upon due process considerations[.]" *United States v. Caro*, 597 F.3d 608, 620 (4th Cir. 2010) (internal quotation marks omitted).

Evidence is "material" under Rule 16 "as long as there is a strong indication that it will play an important role in uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *Id.* (internal quotation marks

omitted). It must enable the defendant to "significantly alter the quantum of proof in his favor." *Id.* (internal quotation marks omitted).

As stated at the second hearing, the Court has reviewed Hawkins's notes and failed to find any exculpatory statements that require disclosure under *Brady* and its progeny. Although the notes were largely illegible, the segments the Court could decipher are consistent with the 302s. The page resubmitted by the government, upon further review, only bolsters the Court's holding and undermines any speculation that the notes contradict the 302s.

Therefore, there is no "strong indication that [the notes] will play an important role" to Benjamin's case, and Rule 16 also fails to compel disclosure. *Caro*, 597 F.3d at 620.

Similarly, Benjamin insinuates wrongdoing by the government because "[i]f the notes are, indeed, consistent with the FBI 302, then there would be no harm in producing them to the defense." Reply at 2. But, determining whether the government takes too legalistic a stance is outside the province of the Court. Instead, it must merely elucidate the government's obligations, as it has done in this order and its oral ruling.

Finally, Benjamin argues in a footnote that "the illegibility of the notes is itself exculpatory because it undermines the reliability of the FBI investigation. There is no reason to believe that Agent Hawkins' handwriting in the Roderick notes was worse than his normal notetaking." Motion at 4 n.3. It appears Benjamin argues the 302s are unreliable because they are based off Hawkins's memory, rather than Hawkins's notes. The Court deems this argument unpersuasive, as the portions of Hawkins's notes it can read appear consistent with the 302s. And, the Court rejects any implication that Hawkins purposefully obfuscated his notes to hide them from future reviewers.

The government is thus unobligated to produce Hawkins's notes at this juncture. The Court made no error—let alone clear error causing manifest injustice—and it will therefore deny Benjamin's motion for reconsideration.

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court the Benjamin's motion for reconsideration, ECF No. 139, is **DENIED**.

**IT IS SO ORDERED.**

Signed this 9th day of May 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
