| | |
|---|---|
| **From:** | Andrews, Brook (USASC) |
| **To:** | Sullivan, Jr., William M.; Hovakimian, Patrick; Hill, Thomas C.; Andrew Moorman; Navikas, Drew A.; Schurmann, William (CRM); Holliday, Winston (USASC) |
| **Subject:** | RE: Superseding Indictment |
| **Date:** | Sunday, April 2, 2023 12:06:09 PM |
| **Attachments:** | image001.png |
| | image002.png |

Hi Bill, sorry for the delay, I was travelling most of the week last week.  Thanks for the opportunity to clarify our position.

We see no need to task Judge Lewis with reviewing the grand jury transcript where you have made no showing that there's a need for her to do so.  It's not clear to us, and I suspect it would not be clear to her, what the purpose of such a review might be.

If you insist on filing a motion to compel the transcript, we'd be most comfortable with an in camera review before any such motion were granted.  However, absent any guiding purpose and demonstration of good cause, we decline to join your request to add to Judge Lewis's growing list of case management duties.

Best regards,

Brook

Brook B. Andrews
First Assistant United States Attorney
803-929-3056 (o)
803-397-6391 (c)

**From:** Sullivan, Jr., William M. <wsullivan@pillsburylaw.com>
**Sent:** Friday, March 31, 2023 1:20 PM
**To:** Andrews, Brook (USASC) <BAndrews@usa.doj.gov>; Hovakimian, Patrick <patrick.hovakimian@pillsburylaw.com>; Hill, Thomas C. <thomas.hill@pillsburylaw.com>; Andrew Moorman <andy@andymoormanlaw.com>; Navikas, Drew A. <drew.navikas@pillsburylaw.com>; Schurmann, William (CRM) <William.Schurmann2@usdoj.gov>; Holliday, Winston (USASC) <WHolliday@usa.doj.gov>
**Subject:** [EXTERNAL] Fwd: Superseding Indictment

Hello Brook, please respond as soon as possible to my inquiry below. Enjoy the weekend. Thanks, Bill

Sent from my iPhone
WMS 202-492-0899


Begin forwarded message:

> **From:** "Sullivan, Jr., William M." <wsullivan@pillsburylaw.com>

**Date:** March 28, 2023 at 10:58:36 AM EDT
**To:** "Andrews, Brook (USASC)" <Brook.Andrews@usdoj.gov>
**Cc:** Andrew Moorman <andy@andymoormanlaw.com>, "Hovakimian, Patrick" <patrick.hovakimian@pillsburylaw.com>, "Hill, Thomas C." <thomas.hill@pillsburylaw.com>, "Schurmann, William (CRM)" <William.Schurmann2@usdoj.gov>, "Holliday, Winston (USASC)" <Winston.Holliday@usdoj.gov>, "Navikas, Drew A." <drew.navikas@pillsburylaw.com>
**Subject: Re: Superseding Indictment**

Thanks for your response, Brook. Accordingly, please confirm my impression that the government would not oppose a defense motion requesting that the Court review in camera the transcript of the second grand jury proceedings.
I look forward to hearing from you. Best, Bill




Sent from my iPhone
WMS 202-492-0899



> On Mar 27, 2023, at 11:15 AM, Andrews, Brook (USASC) <Brook.Andrews@usdoj.gov> wrote:
>
> Hi Bill, thanks for the reminder.  The grand jury returned a true bill on the superseding indictment on February 21.  Judge Lewis's decision the following day to hold the trial in Greenville has no impact on its sufficiency.  As circuit law makes clear, the remedy for concerns about potential juror bias is transfer, not dismissal of the indictment.  *United States v. Lindh*, 212 F. Supp. 2d 541, 548 (E.D. Va. 2002).
>
> Furthermore, there is no right to generalized discovery into grand jury proceedings, and mere speculation is insufficient to justify an open-ended inquiry into the process.  *United States v. Loc Tien Nguyen*, 314 F. Supp. 2d 612 (E.D. Va. 2004).  While Judge Lewis is free to ask these questions or review the transcript at her discretion, there is no rule or constitutional obligation that allows your client to do the same.
>
> Best,
>
> Brook
>
> Brook B. Andrews

First Assistant United States Attorney
803-929-3056 (o)
803-397-6391 (c)

**From:** Sullivan, Jr., William M. <wsullivan@pillsburylaw.com>
**Sent:** Friday, March 24, 2023 10:46 AM
**To:** Andrews, Brook (USASC) <BAndrews@usa.doj.gov>; Andrew Moorman <andy@andymoormanlaw.com>; Hovakimian, Patrick <patrick.hovakimian@pillsburylaw.com>; Hill, Thomas C. <thomas.hill@pillsburylaw.com>; Schurmann, William (CRM) <William.Schurmann2@usdoj.gov>; Holliday, Winston (USASC) <WHolliday@usa.doj.gov>; Navikas, Drew A. <drew.navikas@pillsburylaw.com>
**Subject:** [EXTERNAL] Fwd: Superseding Indictment

Brook, I continue to look forward to your response below. Best, Bill

Sent from my iPhone
WMS 202-492-0899


Begin forwarded message:

> **From:** "Sullivan, Jr., William M." <wsullivan@pillsburylaw.com>
> **Date:** March 15, 2023 at 12:42:17 PM EDT
> **To:** Brook Andrews <Brook.Andrews@usdoj.gov>
> **Subject: Fwd: Superseding Indictment**
>
> Good afternoon, Brook I am looking forward to your response to the below. Best, Bill
>
> Sent from my iPhone
> WMS 202-492-0899
>
>
> Begin forwarded message:
>
>> **From:** "Sullivan, Jr., William M." <wsullivan@pillsburylaw.com>
>> **Date:** March 2, 2023 at 5:47:02 PM EST
>> **To:** "Andrews, Brook (USASC)" <Brook.Andrews@usdoj.gov>
>> **Subject: Superseding Indictment**

Brook, thanks for the call yesterday, I found it productive. As I mentioned, we have some questions regarding the Second Supeseding Indictment (SSI) process. The SSI was filed shortly after our hearing, and perhaps the matter may have been presented to the Grand Jury and the SSI returned all in the same day or two. On behalf of Mr. Benjamin, I write to inquire as to the procedures undertaken in securing the SSI:

Accordingly, we need to understand:

1. When was the new Grand Jury convened?
2. What was the new Grand Jury told regarding prior indictments or presentments in this case?
3. What was the new Grand Jury told about its functions in considering the Second Superseding Indictment?
4. Was the new Grand Jury told about its power to call and cross-examine witnesses?
5. Was the new Grand Jury told about its power to examine additional evidence?
6. Was the new Grand Jury told about its power to accept or reject the testimony contained in any transcripts?
7. Was the new Grand Jury told that its role was to correct a defect or technical error?
8. What other measures were taken to ensure the procedural regularity of the new Grand Jury proceedings?
9. Did any live witnesses testify before the grand jury, and how many?
10. Did any grand juror ask to call witnesses? If so, what happened?
11. How long did the prosecutor present evidence to the grand jury?
12. When did the prosecutor conclude the presentation of evidence?
13. What other information supports the regularity of the procedure used for the

new Grand Jury's consideration of the evidence supporting the Second Superseding Indictment?

Further, you took the position at our hearing that it would not be unduly burdensome to select an unbiased petit jury in Columbia, in terms of "victim" status and negative publicity, despite our arguments to the contrary in our Motion to Change Venue, which the Court ultimately granted.  We are also concerned about "victim" status bias and pretrial publicity among the grand jurors, so we need to understand what steps were taken to ensure the new Grand Jury's impartiality.

Please confirm the following:

1. What steps were taken to ensure no grand jurors were biased by exposure to pre-trial publicity?
2. What steps were taken to ensure no grand jurors were biased by a financial interest in the outcome of the case?
3. What steps were taken to ensure that no grand jurors were biased by harm suffered from the termination of the V.C. Summer project, such as employees of SCANA, Fluor, and their subcontractors?
4. What steps were taken to ensure that no grand jurors were among those classes of people named in the SSI as victims of the alleged crime—*i.e.*, ratepayers and investors?
5. What steps were taken to ensure that no grand jurors were the relatives of anyone directly harmed by the alleged crimes?
6. How many grand jurors were or had been Dominion/SCANA ratepayers?
7. How many grand jurors were or had been Santee Cooper ratepayers?
8. How many grand jurors had been investors in SCANA (securities) or Santee Cooper (bonds)?

Thanks very much in advance for providing the clarifying information requested above.

Regards, Bill

Sent from my iPhone
WMS 202-492-0899

**William M. Sullivan, Jr.** | Partner
Pillsbury Winthrop Shaw Pittman LLP
Firm Chair, Government and Internal Investigations and White Collar Defense
1200 Seventeenth Street NW | Washington, DC 20036-3006
31 West 52nd Street | New York, NY 10019-6131
t +1.202.663.8027 | m +1.202.492.0899
wsullivan@pillsburylaw.com | website bio

AUSTIN  BEIJING  HONG KONG  HOUSTON  LONDON  LOS ANGELES
MIAMI  NASHVILLE  NEW YORK  NORTHERN VIRGINIA  PALM BEACH
SACRAMENTO  SAN DIEGO  SAN FRANCISCO  SHANGHAI
SILICON VALLEY  TAIPEI  TOKYO  WASHINGTON, DC



> On Mar 1, 2023, at 12:10 PM, Andrews, Brook (USASC) <Brook.Andrews@usdoj.gov> wrote:
>
> Thanks, I'll just call you at that number then.
>
> Get Outlook for iOS
>
> ---
>
> **From:** Sullivan, Jr., William M. <wsullivan@pillsburylaw.com>
> **Sent:** Wednesday, March 1, 2023 12:05:47 PM
> **To:** Andrews, Brook (USASC) <BAndrews@usa.doj.gov>