

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| vs. § | CRIMINAL ACTION NO.: 3:21-525-MGL-1 |
| § | |
| JEFFREY ALAN BENJAMIN, § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS FOR GRAND JURY BIAS
AND DEEMING AS MOOT DEFENDANT'S OTHER MOTIONS**

### I. INTRODUCTION

Pending before the Court are Defendant Jeffrey Alan Benjamin's (Benjamin) motion to dismiss for grand jury bias, second motion to dismiss for failure to state an offense, and motion for discovery. Having carefully considered the motions, the responses, the replies, the *in camera* submissions, the grand jury records, the record in this case, and the applicable law, it is the judgment of the Court Benjamin's motion to dismiss for grand jury bias will be granted, and his other motions will be deemed as moot.

### II. FACTUAL AND PROCEDURAL HISTORY

This criminal matter arises out of Benjamin's (Benjamin) alleged involvement in the V.C. Summer site nuclear project while he was the Senior Vice President for New Plants and Major Projects at Westinghouse Electric Company (WEC). WEC contracted with two South Carolina

utility companies, SCANA and Santee Cooper (collectively, the Owners) to construct the V.C. Summer nuclear power plant.

The government alleges that, between 2015 and 2017, to maintain cash flow and liquidity for WEC, Benjamin and others hid and misled as to the true status of the project, which had fallen behind schedule.

A grand jury indicted Benjamin of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349 (Count 1); wire fraud in violation of 18 U.S.C. §§ 1343, 2 (Counts 2–14); securities fraud in violation of 18 U.S.C. §§ 1348(1), 2 (Count 15); and causing the failure to keep accurate corporate records in violation of 15 U.S.C. § 78m(b)(2)(A) and 18 U.S.C. § 2 (Count 16).

Benjamin filed a motion to dismiss for failure to state an offense. In response, the government indicated it planned to seek a superseding indictment. Meanwhile, the Court granted a motion from Benjamin to change the venue of trial to Greenville.

A grand jury returned a superseding indictment containing the same charges, but some changed language. This grand jury was drawn from a statewide pool, which is reflected in its ultimate composition.

Although the grand jurors were told at orientation they could decline to participate in a particular case if they felt they were unable to remain impartial, it appears the government failed to identify and recuse those grand jurors who were ratepayers to the Owners.

Benjamin filed the instant motions, the government responded to each, and Benjamin replied.

The government also provided grand jury materials, including a transcript of the grand jury orientation, the PowerPoint from the orientation, a transcript of the presentment of Benjamin's

indictment, and the motion and order empaneling the grand jury. The Court has reviewed a juror list and an audio recording of the empanelment of the grand jury, as well.

The Court, having been fully briefed on the relevant issues, will now adjudicate the motions.

### III.     STANDARD OF REVIEW

The Fifth Amendment guarantees the right to indictment by an unbiased grand jury. *Costello v. United States*, 350 U.S. 359, 363 (1956).

Under Federal Rule of Civil Procedure 12(b)(3), the Court may dismiss an indictment based on "error in the grand-jury proceeding[.]" Fed. R. Crim. P. 12(b)(3)(A)(v). Dismissal of an indictment, however, is a "drastic remedy that should be utilized with caution and only in extreme cases." *United States v. Walters*, 910 F.3d 11, 26 (2d Cir. 2018) (internal quotation marks omitted) (internal citation omitted). In considering a motion to dismiss, the Court takes as true all well-pleaded facts in the indictment. *United States v. S. Fla. Asphalt Co.*, 329 F.2d 860, 865 (5th Cir. 1964).

### IV.     DISCUSSION AND ANALYSIS

####     A.     *Whether Benjamin has shown constitutional error*

Benjamin argues the Court should dismiss the indictment because the grand jury was comprised, at least in part, of victims of his alleged crime, which impermissibly tainted the superseding indictment. He claims the Court decided as much when it transferred trial to Greenville. The government maintains the grand jury was unbiased.

When the Court granted Benjamin's motion for change of venue from Columbia to Greenville, it reasoned that selecting a petit jury in Columbia, where more than fifty percent of the population were ratepayers, would be difficult, although possible.  It failed to determine whether ratepayers were categorically ineligible to serve on the petit jury.

Thus, the transfer of venue is non-dispositive to the resolution of this motion.  The Court must look to the language of the superseding indictment to determine whether a constitutional violation occurred.

Although the government takes issue with this characterization, the indictment alleges—in the first paragraph, no less—that ratepayers were some of the victims of Benjamin's alleged crimes.  The superseding indictment alleges that "BENJAMIN, and others, deceived the Owners, regulators, investors, and ratepayers . . . [which] resulted in billions of dollars of losses to the Owners, ratepayers, and investors."  Superseding Indictment ¶ 1 (emphasis omitted).

The government argues this is a case of diffuse public harm—akin to public corruption or environmental pollution—that fails to disqualify ratepayer grand jurors.  Such crimes harm society as a whole, and thus lack specifiable victims.  But, rather than diffuse harm, in this case, the government has specifically alleged significant financial injury to ratepayers.  Ratepayers, although a large group, are distinct from the general public.

Likewise, the government's emphasis on the misrepresentations and omissions to the Owners—rather than the ratepayers—though perhaps the intended focus at trial, fails to comport with the plain language of the superseding indictment as presented to the grand jurors.

The government identified ratepayers as victims in the superseding indictment.  That this allegation proves inconvenient to it, in retrospect, fails to alleviate the constitutional harm to Benjamin.

It is common sense that in a robbery case, the person who allegedly had their belongings taken would be barred, as a victim, from participating in indicting the accused, no matter if there was a mountain of evidence against the accused or if the victim insisted they could remain impartial. So too must ratepayers be barred from evaluating the superseding indictment as written. Benjamin is entitled to a grand jury free from his alleged victims.

### B. *Whether Benjamin must show actual prejudice*

Benjamin argues his Fifth Amendment right to an unbiased grand jury fails to require the Court to find actual prejudice before dismissal. On the other hand, the government insists that due to the preference against dismissal, actual prejudice is necessary.

The Supreme Court has explained that where the "structural protections of the grand jury have been so compromised as to render the proceedings fundamentally unfair," a presumption of prejudice arises, and the Court must dismiss the indictment. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 257 (1988). "When constitutional error calls into question the objectivity of those charged with bringing a defendant to judgment, a reviewing court can neither indulge a presumption of regularity nor evaluate the resulting harm." *Vasquez v. Hillery*, 474 U.S. 254, 263 (1986).

In other words, in such cases, "we simply cannot know that the need to indict would have been assessed in the same way by a grand jury properly constituted." *Id.* at 264.

The government cites cases from other circuits holding that a finding of actual prejudice is required in the face of a grand jury irregularity. *See, e.g.*, *United States v. Two Eagle*, 318 F.3d 785, 793 (8th Cir. 2003) ("A grand-jury indictment will only be dismissed upon a showing of actual prejudice to the accused.").

5

Those cases, which are non-binding on this Court, are distinguishable from the case at bar. *Two Eagle*, for example, involved a racist statement by a single grand juror, which the other grand jurors were admonished to refrain from considering. *Id.* at 794. Here, on the other hand, Benjamin alleges that multiple jurors have a personal investment in this matter, such that they are per se biased. Rather than a procedural hiccup, like the presentment of improper evidence, Benjamin alleges instead a fundamental structural deficiency with the grand jury. *Cf. United States v. Jefferson*, 546 F.3d 300, 313 (4th Cir. 2008) (rejecting attempt to "look behind [the] indictment" to evaluate the propriety of allegedly irrelevant evidence presented to the grand jury based on "Supreme Court precedents that severely restrict any judicial inquiry into grand jury matters.").

Thus, the Court determines that Benjamin need not demonstrate actual prejudice. The Court recognizes that dismissal is a drastic remedy. Constitutional violations, however, constitute extreme cases. To protect "the law as an institution, [] the community at large, and [] the democratic ideal reflected in the processes of our courts[,]" the Court must take all necessary steps, including, in this case, dismissal of the indictment. *Ballard v. United States*, 329 U.S. 187, 195 (1946). Therefore, based on the foregoing analysis, the Court will dismiss the superseding indictment.

*****

Accordingly, the Court will grant Benjamin's motion to dismiss for grand jury bias and dismiss the superseding indictment without prejudice. The Court notes that nothing in this opinion precludes the government from properly presenting a new indictment to a grand jury in accordance with the time allowed by statute. *See* 18 U.S.C. § 3288 (setting forth the time to return a new indictment when the Court dismisses an indictment after the statute of limitations has expired); *see*

*also* 18 U.S.C. § 3289 (setting forth the time to return a new indictment when the Court dismisses an indictment within six months of the expiration of the statute of limitations).

## V.     CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of the Court the Benjamin's motion to dismiss for grand jury bias, ECF No. 161, is **GRANTED**, and his other motions, ECF Nos. 143 and 160, are **DEEMED AS MOOT**.

**IT IS SO ORDERED.**

Signed this 2nd day of August 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE
